# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY LANDAVERDE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-7886-RAO<br><br>CORRECTED ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)[1] |

Before the Court are Plaintiff Mark Anthony Landaverde's ("Plaintiff") counsel's ("Counsel")'s Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") and Nancy A. Berryhill's ("Commissioner") Notice of Non-Opposition ("Comm'r Response"). (*See* Dkt. Nos. 32, 33.)

For the reasons stated below, the Court **GRANTS** Counsel's Motion.

## I. BACKGROUND

On October 7, 2015, Plaintiff filed a complaint in this Court challenging the Commissioner's decision to deny his application for social security disability and disability insurance benefits and supplemental security income. On August 25,

---

[1] The Court issues this Corrected Order to cure errors in the Court's earlier Order issued on April 9, 2018.

2016, the Court entered judgment reversing the decision of the Commissioner and remanding the matter. Thereafter, based on the parties' joint stipulation, the Court ordered payment of $6,150.00 in Equal Access to Justice Act ("EAJA") fees to Counsel. On remand, the Administrative Law Judge granted Plaintiff's application for benefits. In a Notice of Award dated January 17, 2018, the agency informed Plaintiff that his past-due benefits totaled $55,302.00 for March 2011 through December 2016. (Mot., Ex. A at 1.) The agency also informed Plaintiff that 25-percent of Plaintiff's past-due benefits, amounting to $18,111.00, had been withheld to pay his counsel's fees. (*Id.* at 3.) In two separate Notices of Award dated March 22, 2018, each regarding auxiliary benefits for Plaintiff's wife and child, the agency informed Plaintiff and other individuals that those benefits totaled $24,444.00 in the aggregate. (*Id.* at 8, 12.) In the same Notices of Award, the agency also stated that it had withheld a total of $6,111.00 to pay Plaintiff's Counsel's fees. (*Id.*)

Counsel brings this Motion pursuant to 42 U.S.C. § 406(b) requesting $24,222.00 for attorney fees. In the Motion, Counsel states that the amount awarded should be reduced by $6,150.00, the amount already awarded to Counsel under EAJA. (Mot. at 4.) The Commissioner does not oppose Counsel's request.

**II.** **DISCUSSION**

**A.** **42 U.S.C. §406(b) Fees**

An attorney who represents a Social Security benefits claimant in court may be awarded "a reasonable fee … not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant, payable "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits. *Id.*

In *Crawford v. Astrue*, the Ninth Circuit addressed the calculation of attorney fees, stating that "[a] district court charged with determining a reasonable fee award under § 406(b) must respect … 'lawful attorney-client fee agreements … looking

first to the contingent-fee agreement, then testing it for reasonableness.'" 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). However, "the court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

In an exhibit attached to the Motion, Counsel provided a summary of hours indicating that Counsel spent 35.2 hours on this matter before the Court. (Mot., Ex. C.) Taking the award sought by Counsel in the Motion ($24,222.00) and the number of attorney hours spent working on the matter (35.2) yields an effective billing rate of $688.13.

The Commissioner does not oppose the fee request. (Dkt. No. 33.)

Several reasons indicate that Counsel's request is reasonable.

First, the Court notes that Plaintiff agreed, in writing, to Counsel receiving 25 percent of past due benefits awarded, contingent, of course, upon a favorable outcome.[2] (*See* Mot., Ex. B.) Plaintiff was ultimately awarded back payments as well as auxiliary benefits. (*Id.,* Exs. 3, 4.) By contract, Counsel is entitled to 25-percent of the amount of those back payments. *See Hopkins v. Cohen*, 390 U.S. 530, 88 S. Ct. 1146, 20 L. Ed. 2d 87 (1968).

Second, the Court recognizes that Counsel obtained a favorable result for Plaintiff, *i.e.*, a remand to the Commissioner for further administrative proceedings, and an ultimate award of retroactive benefits. (Mot., Ex. A.)

Third, the time Counsel expended here, 35.2 hours, falls within the generally acceptable range. *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases supporting a "twenty to forty hour benchmark" for social security fee awards).

---

[2] In contracting with Plaintiff on a contingency basis, Counsel assumed the risk of nonpayment, and would receive her 25 percent fee *only if* Plaintiff received benefits by a decision of the Social Security Administration or by judgment of this Court.

Fourth, Counsel's $688.13 effective hourly rate is not demonstrably unreasonable. *See Wenzel v. Colvin*, EDCV 11-0338-JEM, 2014 WL 3810247 (C.D. Cal. Aug. 1, 2014) (approving 406(b) fees at $1,000 hourly rate); *see also Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees that exceeded $1,000.00 per hour); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1169-71 (C.D. Cal. 2006) (conducting a review of cases approving awards at rates of up to $982.00 per hour).

Fifth, the Commissioner does not allege that Counsel was responsible for any delays, or that the quality of representation was substandard. *See Gisbrecht*, 535 U.S. at 808 (holding that a reduction of fees may be appropriate if there were any delays or if the representation was substandard).

Sixth, Plaintiff has been served with a copy of Counsel's Motion and had the opportunity to oppose the Motion but chose not to do so. (Proof of Service, Dkt. No. 34.)

In sum, based on the above, the Court finds that the requested fees are not so large so as to represent a windfall for Counsel. Further, the Court finds no reason to conclude that Counsel's fees are unreasonable.

## B. EAJA Fees

An attorney must refund to the client EAJA fees received when the § 406(b) award exceeds the EAJA fees. *Gisbrecht*, 535 U.S. at 796. Here, Counsel was awarded $6,150.00 in EAJA fees. *See* Dkt. No. 31. Accordingly, a refund of EAJA fees is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. **CONCLUSION**

Consistent with the foregoing, IT IS ORDERED that Counsel's motion for **$24,222.00** in attorney fees is **GRANTED**. IT IS FURTHER ORDERED that Counsel shall reimburse Plaintiff the amount of $6,150.00 for EAJA fees previously paid by the Commissioner.

DATED: May 25, 2018

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE